IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. THERESA A. WILLIAMSON, ) ) Plaintiff, ) ) v. ) ) 1. DILLARD'S, INC., a foreign for profit ) business corporation, ) ) Defendant. ) | Case No. 18-cv-451-CVE-FHM *Jury Trial Demanded* *Attorney Lien Claimed* |

## COMPLAINT

**COMES NOW** Theresa A. Williamson, Plaintiff in the above-entitled action, by and through her attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, MCMURRAY || KEESLING, and for her causes of action alleges as follows:

### JURISDICTION /VENUE /PARTIES

1. Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C. § 1331 (2017) and 28 U.S.C. § 1343(a)(4) (2017), pursuant to claims arising under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. (2017).

2. Venue is appropriate as all incidents alleged herein occurred within the Northern District of Oklahoma.

3. Plaintiff Theresa A. Williamson, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Tulsa County, Oklahoma.

4. Defendant Dillards, Inc. ("Dillards"), at all times relevant to the claims alleged herein, upon information and belief, was and is an employer affecting commerce which employed twenty or more employees for each working day during the time period in which Plaintiff was employed by Defendant. *See* 29 U.S.C.A. § 630(b) (2017).

5. Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

### STATEMENT OF THE FACTS

6. Plaintiff Theresa A. Williamson incorporates paragraphs 1 through 5 herein as if fully set forth verbatim.

7. Defendant Dillard's, at all times relevant to the claims alleged herein, upon information and belief, owned and operated a retail store (No. 792) that was located at 6919 South Memorial Drive in the City of Tulsa, County of Tulsa, State of Oklahoma.

8. Plaintiff was born in the year 1965.

9. Plaintiff began her employment with Defendant on or about November 2015, in the capacity of Treatment Specialist /Sales Associate in the Cosmetics Department.

10. Plaintiff's position entailed selling products for the cosmetic line of Christian Dior.

11. Prior to taking the position described above in Paragraphs 9 and 10, Plaintiff held the position of Manager of the Clinique portion of the Cosmetics Department at a Macy's Department Store.

12. At the time Plaintiff took the position with Defendant, Plaintiff was weeks short of her 50th birthday.

13. In March 2016, the position of Plaintiff's supervisor (Sales Manager) was assumed by a female named Autumn Moore.

14. In the course of the time in which Autumn Moore was Plaintiff's supervisor, Plaintiff was subjected to unlawful disparate treatment based on age, which included as follows:

  a. On or about May 2016, Plaintiff requested (well in advance of the date) to be given a day off for Plaintiff's wedding anniversary; Plaintiff's request was denied, while a co-worker of Plaintiff's in her early twenties was given the entire weekend off pursuant to a last minute request from the younger employee.

  b. On or about June 2016, Plaintiff was denied the opportunity to apply for a Clinique Business Manager position; the position was given instead to an associate in her early twenties with no prior management experience.

  c. On or about June 2016, Plaintiff was passed over for a Bobbi Brown Business Manager position; the position was given instead to an associated believed to be approximately 19 years old.

  d. On or about August 2016, Plaintiff was passed over for a YSL Counter Manager position; the position was given instead to an outside candidate in her twenties.

  e. On or about August 2016, Plaintiff was passed over for a Giorgio Armani Counter Manager position; the position was given instead to an outside candidate in his thirties.

  f. On or about September 2016, Autumn Moore, in a comment made in front of other associates, averred that a particular shade of lipstick Plaintiff proposed wearing would be inappropriate for Plaintiff as that shade was for "millenials," a comment that was intended to belittle Plaintiff on the basis of her age.

  g. On or about February 2017, Plaintiff was passed over for a Kiehl's Counter Manager position; the position was given to an associate in her twenties.

  h. On or about February 2017, Plaintiff was passed over for a Lancome Counter Manager position; the position was given to an outside candidate in his twenties.

  i. On or about February 2017, Plaintiff was again passed over for a YSL Counter Manager position; the position was given to an outside candidate in her twenties.

  j. On or about June 2017, Store Manager Keith Dockery attempted to move Plaintiff to a much less prestigious cosmetics line, a move that was overruled by the company whose line Plaintiff was representing at Dillard's, Dior.

  k. On or about July 2017, Plaintiff was passed over for a Chanel Counter Manager position; the position was given to an associate in her twenties.

  l. On or about July 2017, Plaintiff was again passed over for a Giorgio Armani Counter Manager position; the position was given to an outside candidate in her thirties.

  m. On or about July 2017, Plaintiff was passed over for a Sheisedo Counter Manager position; the position was given to an outside candidate in her twenties.

  n. On or about July 27, 2017, Ms. Autumn Moore scheduled Plaintiff to work on days Plaintiff had requested off to attend her daughter's wedding; this scheduling occurred despite Plaintiff making the request for the time off in January 2017 and repeatedly reminding Ms. Moore of the importance of the dates; Ms. Moore granted time off in July, on short notice, to an associate in her early twenties, to visit relatives in San Diego, California.

  o. On or about August /September 2017, Plaintiff was passed over for a Bobbi Brown Business Manager position; the position was instead given to an associate in her twenties, whose sales numbers were inflated by recording the sales of other associates.

15. Plaintiff complained about the matters alleged above to Keith Dockery on several occasions: June 2016; August 2016; April 2017; and at the time she resigned, September 2017.

16. Plaintiff also complained about several of the matters to Andrew Bennington, Operations Manager, before Bennington transferred to another Dillard's facility in Arkansas in March 2017.

17. Upon information and belief, several of Plaintiff's co-workers complained to Keith Dockery and Andrew Bennington about Autumn Moore's disparate and less favorable treatment of employees in the relevant protected class under the ADEA.

18. No actions were taken by Autumn Moore's supervisors, Store Manager Keith Dockery and Operations Manager Andrew Bennington, to bring Autumn Moore's unlawful and disparate treatment of Plaintiff to cessation.

19. Accordingly, Plaintiff found no alternative but to constructively discharge from her position on or about September 15, 2017.

20. Consequently, on or about November 1, 2017, Plaintiff, by and through counsel, submitted materials to the Equal Employment Opportunity Commission ("EEOC") in Oklahoma City alleging discrimination on the basis of age.

21. Pursuant to Plaintiff's complaint, EEOC issued a "Dismissal and Notice of Rights," i.e., "Right to Sue Letter," dated June 21, 2018, which was received by counsel for Plaintiff on June 25, 2018.

22. Accordingly, this matter is being timely filed, as the filing of this Complaint is being effected within 90 days of the receipt of the "Right to Sue Letter."

## FIRST CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION /DISPARATE TREATMENT
### AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967
### 29 U.S.C. §§ 621 *ET SEQ.*

23. Plaintiff Theresa A. Williamson incorporates paragraphs 1 through 22 herein as if fully set forth verbatim.

24. Plaintiff Theresa A. Williamson, at all times relevant to the claims alleged herein, was an employee of Defendant Dillard's, as defined under 29 U.S.C. § 630(f) (2017).

25. Defendant Dillard's repeatedly refused to promote Plaintiff Theresa A. Williamson to positions for which Plaintiff was well qualified.

26. Defendant Dillard's instead chose to install others not in Plaintiff Theresa A. Williamson's protected class, i.e., under the age of 40, in said positions.

27. Plaintiff Theresa A. Williamson was 40 years of age or older at the times she was passed over for promotion by Defendant Dillard's.

28. Defendant Dillard's refused to promote Plaintiff Theresa A. Williamson because of her age, that is, Defendant Dillard's would not have refused to promote Plaintiff but for Plaintiff's age.

29. As a direct and proximate cause of Defendant Dillard's actions, Plaintiff Theresa A. Williamson's rights under the Age Discrimination in Employment Act of 1967 were violated, causing Plaintiff injury.

30. Accordingly, Plaintiff Theresa A. Williamson is entitled to damages and other relief as set forth herein.

## SECOND CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION /DISPARATE TREATMENT
### AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967
### 29 U.S.C. §§ 621 *ET SEQ.*

31.    Plaintiff Theresa A. Williamson incorporates paragraphs 1 through 30 herein as if fully set forth verbatim.

32.    Plaintiff Theresa A. Williamson, at all times relevant to the claims alleged herein, was an employee of Defendant Dillard's, as defined under 29 U.S.C. § 630(f) (2017).

33.    Defendant Dillard's repeatedly refused to promote Plaintiff Theresa A. Williamson to positions for which Plaintiff was well qualified.

34.    Defendant Dillard's instead chose to install others not in Plaintiff Theresa A. Williamson's protected class, i.e., under the age of 40, in said positions.

35.    Defendant Dillard's refused to promote Plaintiff Theresa A. Williamson because of her age, that is, Defendant Dillard's would not have refused to promote Plaintiff but for Plaintiff's age.

36.    The repeated promotion of persons under the age of 40 in lieu of Plaintiff Theresa A. Williamson left Plaintiff no reasonable alternative but to resign.

37.    Plaintiff Theresa A. Williamson did consequently and in fact resign from her employment with Defendant Dillard's.

38.    A reasonable person in Plaintiff Theresa A. Williamson's position would resign in the face of the discrimination based on age encountered by Plaintiff at the hands of Defendant Dillard's.

39.    As a direct and proximate cause of Defendant Dillard's actions, Plaintiff Theresa A. Williamson's rights under the Age Discrimination in Employment Act of 1967 were violated, causing Plaintiff injury.

40. Accordingly, Plaintiff Theresa A. Williamson is entitled to damages and other relief as set forth herein.

## LIQUIDATED DAMAGES

41. Plaintiff Theresa A. Williamson incorporates paragraphs 1 through 40 herein as if fully set forth verbatim.

42. The acts and omissions by Defendant Dillard's, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct and /or discriminatory practices evincing willful or reckless indifference to Plaintiff Theresa A. Williamson's federally protected rights.

43. As a direct result of Defendant Dillard's willful and /or reckless disregard for Plaintiff Theresa A. Williamson's rights, Plaintiff is entitled to liquidated damages in an amount that is two times Plaintiff's actual damages, subject to any caps or limitations imposed by law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Theresa A. Williamson prays this Court will grant to her the following relief:

A. Judgment against Defendant Dillard's in excess of Seventy-Five Thousand Dollars ($75,000.00);

B. Liquidated damages against Defendant Dillard's as permitted by law;

C. Order Defendant Dillard's to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D. Any other such further relief this Court deems just and proper.

Respectfully submitted,

**MCMURRAY || KEESLING**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
6660 South Sheridan Road, Suite 250
Tulsa, Oklahoma 74133
(918) 998-9350 – Telephone
(918) 998-9360 – Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
*Attorneys for Plaintiff:*
*Theresa A. Williamson*