# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| THERESA A. WILLIAMSON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 18-CV-0451-CVE-FHM |
| DILLARD'S, INC., | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendant's Special Appearance to Present Combined Motion to Compel Arbitration, Motion to Dismiss Action, and Alternative Motion to Stay Action and Brief in Support (Dkt. ## 5, 7). Defendant Dillard's, Inc. (Dillard's) argues that plaintiff's age discrimination claims fall within the scope of an arbitration agreement executed by the parties, and it asks the Court to dismiss plaintiff's claims for lack of jurisdiction. In the alternative, Dillard's asks the Court to compel arbitration and stay this case pending the outcome of the arbitration proceedings. Plaintiff responds that the arbitration agreement is invalid under Oklahoma law, because there was not sufficient consideration for the creation of a valid contract. Dkt. # 13, at 6.

## I.

Plaintiff alleges that she was formerly employed by Dillard's as a sales associate in the cosmetics department, and she was 49 years old when she was hired. Dkt. # 2, at 2. Plaintiff claims that she was repeatedly denied promotions that went to younger workers, and she complained to her supervisors about alleged acts of age discrimination and harassment. Id. at 3-5. Plaintiff claims that her supervisors took no action in response to her complaints, and she claims that she was

constructively discharged on September 15, 2017. Id. at 5. Plaintiff states that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter, and she filed this case alleging claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA), against Dillard's on August 30, 2018.

On April 11, 2016, plaintiff and Dillard's had executed an arbitration agreement stating that "[t]he parties hereto agree that all Legal Claims that arise or accrue either before or after an Associate's employment has terminated, relating to or in connection with the Associate's current or prior employment at Dillard's including but not limited to, Legal Claims relating to breach of fiduciary duty shall be subject to this Agreement." Dkt. # 5-1, at 4. The term "Legal Claims" is defined to include claims of "[d]iscrimination or harassment on the basis of race, sex, religion, national origin, age, disability or other unlawful basis . . . ." Id. There are no exceptions or exclusions that would allow either party to litigate claims related to plaintiff's employment by any means other than arbitration. Dillard's and plaintiff agreed that "[a]rbitration of such disputes is a valuable benefit, the existence of which is a significant inducement for Associate to accept or continue employment with [Dillard's] and for [Dillard's] to offer employment to Associate or continue to employ Associate." Id. at 15. The arbitration agreement was electronically signed by Williamson and a representative of Dillard's. Id.

## II.

Defendant has filed a motion asking the Court to enter an order compelling the parties to arbitrate plaintiff's claims and dismissing this case for lack of subject matter jurisdiction. Defendant states that the Tenth Circuit has not specifically addressed the appropriate procedure for compelling arbitration under Fed. R. Civ. P. 12. However, the Tenth Circuit has made a clear distinction

2

between motions made under Rule 12(b) and motions to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (FAA). Conrad v. Phone Directories Co., Inc., 585 F.3d 1376 (10th Cir. 2009). In fact, a party may effectively waive appellate review of a motion to compel arbitration by styling the motion as a Rule 12(b) motion that is not subject to interlocutory appeal. Id. at 1386. In a previous case, this Court has compared the standard for reviewing a motion to compel arbitration to the standard for motions for summary judgment. Brennan v. Global Safety Labs, Inc., 2008 WL 2234830 (N.D. Okla. May 29, 2008). This decision is supported by a subsequent Tenth Circuit decision in which the Tenth Circuit stated that the procedure for reviewing a motion to compel arbitration when there are no material disputes of fact "can look a lot like summary judgment." Howard v. Ferrellgas Partners, L.P., 748 F.3d 975, 978 (10th Cir. 2014). "When it's apparent from a quick look at the case that no material disputes of fact exist it may be permissible and efficient for a district court to decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration." Id.

The Court will treat defendant's motion as a motion to compel arbitration under the FAA. The FAA represents a strong public policy in favor of arbitration, and states that a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2; Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662 (2010); Vaden v. Discover Bank, 556 U.S. 49, 58 (2009). The FAA "requires a district court to stay judicial proceedings where a written agreement provides for the arbitration of the dispute that is the subject of the litigation." Coors Brewing Co. v. Molson Breweries, 51 F.3d 1511, 1514 (10th Cir. 1995). Agreements that

require arbitration of statutory claims are generally enforceable. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991). "Generally, courts 'should apply ordinary state-law principles that govern the formation of contracts' to determine whether a party has agreed to arbitrate a dispute." Hardin v. First Cash Fin. Servs., Inc., 465 F.3d 470, 475-76 (10th Cir. 2006). However, the consideration of state law is limited to principles of contract law concerning the enforceability of contracts in general, and state law cannot displace the strong federal policy in favor of arbitration of disputes. Nitro-Lift Technologies, LLC v. Howard, 568 U.S. 17, 20-21 (2012); Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 630 (2009).

A motion to compel arbitration calls for a two-step inquiry concerning the arbitrability of the dispute: (1) whether there is a valid arbitration agreement, and (2) whether the particular dispute falls within the scope of that agreement. AT & T Techs., Inc. v. Commc'ns Workers of America, 475 U.S. 643, 649 (1986). In this case, the parties do not dispute that plaintiff's claims under the ADEA fall within the scope of the arbitration agreement, and it is clear that plaintiff's claims are "Legal Claims" subject to arbitration if the parties' arbitration agreement is enforceable. See Dkt. # 5-1, at 4. The sole issue raised by the parties' briefing is whether the arbitration agreement is enforceable under Oklahoma contract law. Plaintiff argues that the arbitration agreement is not supported by adequate consideration because, as a matter of state law, continued at-will employment is an illusory promise that cannot be used as consideration for the formation of a contract. There is language in the arbitration agreement supporting plaintiff's argument that her continued employment was part of the consideration for the arbitration agreement. See Dkt. # 5-1, at 15 ("in consideration of the mutual promises contained herein and in specific consideration of the Company agreeing to offer employment to Associate or continue to employ associate, the parties . . . mutually agree to become

4

subject to the Company's RULES OF ARBITRATION"). However, plaintiff's continued employment was not the only consideration offered in support of the arbitration agreement.

The arbitration agreement executed by the parties does reference plaintiff's continued employment as part of the consideration, but the parties also agree that arbitration itself is a valuable benefit to both parties. The arbitration agreement states that "the parties hereto agree that Arbitration of such disputes is a valuable benefit, the existence of which is a significant inducement for Associate to accept or continue employment with Company and for Company to offer employment to Associate or continue to employ Associate . . . ." Dkt. # 5-1, at 15. Under Oklahoma law, "consideration exists as long as there is a benefit to the promisor or a detriment to the promisee." Thompson v. Bar-S Foods, Co., 174 P.3d 567, 574 (Okla. 2007). In the context of an arbitration agreement, an employee receives no benefit from the contract if the employer reserves the unilateral right to alter or amend the arbitration agreement without the consent of the employee. Id.

The Tenth Circuit has specifically considered whether a bilateral agreement to arbitrate constitutes sufficient consideration to support the formation contract under Oklahoma law. In Williams-Jackson v. Innovative Senior Care Home Health of Edmond, LLC, 727 F. App'x 965 (10th Cir. Mar. 8, 2018),[1] the district court denied a motion to compel arbitration on the ground that the arbitration agreement was invalid under Oklahoma law due to lack of consideration. Id. at 968. The Tenth Circuit considered whether the plaintiff's continued employment and mutual promises to arbitrate were sufficient consideration to support an arbitration agreement. Id. Existing Tenth Circuit precedent interpreting Oklahoma law had already impliedly determined that a mutual

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

obligation to arbitrate disputes was not an illusory promise as long as the employer did not have an unrestricted right to modify the arbitration agreement to the detriment of the employee. Id. at 969. The arbitration agreement in Williams-Jackson was binding on both parties and did not allow the employer to modify the agreement to cut off an employee's claims, and the mutual promises to arbitrate disputes were sufficient consideration for a valid contract under Oklahoma law. Id. Williams-Jackson is an unpublished decision, but the holding of Williams-Jackson is consistent with decisions by other federal appellate courts. Uszak v. AT&T Mobility Servs LLC, 658 F. App'x 758 (6th Cir. July 21, 2016); Tinder v. Pinkerton Security, 305 F.3d 728, 734 (7th Cir. 2002); Circuit City Stores, Inc. v. Najd, 294 F.3d 1104, 1108-1109 (9th Cir. 2002); Johnson v. Circuit City Stores, 148 F.3d 373, 378 (4th Cir. 1998).

Plaintiff cites authority from other jurisdictions to support her argument that continued at-will employment is not by itself sufficient consideration to support an arbitration agreement. Dtk. # 13, at 6. However, the arbitration agreements at issue in those cases were found to be invalid for reasons other than simply the use of continued at-will employment as consideration to support a bilateral contract. See Tenet Healthcare Ltd. v. Cooper, 960 S.W.2d 386 (Tex. App. 1998) (mutual promises to arbitrate were illusory consideration because language in the employee handbook explained that the employer was not bound to litigate its disputes against the employee in arbitration); Clark v. UnitedHealth Group, Inc., 2018 WL 2932735 (D.N.M. June 12, 2018) (continued at-will employment, by itself, is not sufficient consideration to create a binding contract under New Mexico law, but noting that the arbitration agreement did not contain binding mutual promises to arbitrate as possible consideration for the contract). In this case, the arbitration agreement references plaintiff's continued employment as part of the consideration, but the arbitration agreement clearly

6

states that arbitration of disputes arising out of plaintiff's employment is a valuable benefit to both parties. This is a separate source of consideration that is independently sufficient to create a binding contract as a matter of Oklahoma law, and the Court finds that the arbitration agreement is not unenforceable due to lack of consideration. Plaintiff has not raised any other argument as to the formation of a binding contract, and the Court finds that the parties' arbitration agreement is a binding and enforceable contract as a matter of Oklahoma law. The parties do not dispute that plaintiff's claims fall within the scope of the arbitration agreement, and plaintiff should be compelled to resolve her claims against defendant through arbitration.

**IT IS THEREFORE ORDERED** that defendant's motion to compel arbitration (Dkt. # 5) is **granted**, and all claims alleged in plaintiff's complaint shall be submitted to arbitration pursuant to the parties' arbitration agreement.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss or alternative motion to stay (Dkt. # 7) is **denied**.

**IT IS FURTHER ORDERED** that, pursuant to LCvR 41.1, the Court Clerk is directed to **administratively close** this case pending either an order of the Court reopening the action, or until this case is dismissed with prejudice by stipulation of the parties.

**IT IS FURTHER ORDERED** that the parties shall file a notice in this Court within 15 days of the completion of arbitration.

**DATED** this 25th day of March, 2019.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE