UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THERESA A. WILLIAMSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-0451-CVE-FHM |
| | ) | |
| DILLARD'S, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter comes on for consideration of the Motion to Permit Withdrawal of Plaintiff's Counsel (Dkt. # 17). On March 25, 2019, the Court entered an opinion and order (Dkt. # 15) granting defendant's motion to compel arbitration, and the Court administratively closed the case pending the completion of arbitration. Plaintiff's counsel, David R. Keesling and Timothy S. Kittle, advised plaintiff about the order compelling arbitration, and plaintiff determined that she wanted to obtain new counsel. Dkt. # 17, at 2. Counsel advised plaintiff that she was obligated to demand arbitration within 90 days of the Court's order, and Keesling and Kittle encouraged plaintiff to obtain new counsel to assist her with arbitration. Id. Plaintiff's counsel have not had contact with plaintiff since May 30, 2019, and defense counsel has advised plaintiff's counsel that plaintiff did not file a request for arbitration.

On August 28, 2020, the parties had not filed notice concerning the status of the arbitration or a stipulation of dismissal, and the Court ordered the parties to file a status report. Dkt. # 16. Keesling and Kittle request leave to withdraw from their representation of plaintiff, and defendant has no objection to this request if the Court dismisses this case or orders plaintiff to obtain substitute

counsel. The Court finds that plaintiff's counsel should be permitted to withdraw, and the Court also finds that this case should be dismissed for failure to prosecute. Plaintiff has known since March 25, 2019 that this case would be resolved by arbitration, and plaintiff terminated her relationship with plaintiff's counsel and took no steps to proceed with arbitration against defendant. Given the amount of time that has passed, it appears that plaintiff does not intend to obtain substitute counsel or proceed with arbitration, and the case should be dismissed for failure to prosecute.

**IT IS THEREFORE ORDERED** that the Motion to Permit Withdrawal of Plaintiff's Counsel (Dkt. # 17) is **granted**, and David R. Keesling and Timothy S. Kittle are permitted to withdraw from their representation of plaintiff.

**IT IS FURTHER ORDERED** that plaintiff's claims are dismissed without prejudice for failure to prosecute. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that David R. Keesling and Timothy S. Kittle shall mail this order and the judgment to plaintiff's last known address.

**DATED** this 31st day of August, 2020.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE